*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0065**

Victoria Lynn Robinson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 24, 2015
Affirmed
Halbrooks, Judge**

Washington County District Court
File No. 82-CR-11-2198

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Jessica Lynn Stott, Assistant County Attorney,
Stillwater, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and
Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the denial of her postconviction petition, arguing that the

postconviction court abused its discretion by summarily denying her petition because

(1) she alleged deficiencies at the St. Paul Police Department Crime Lab that should allow her to withdraw her plea, (2) the petition was timely filed within two years of when the claim arose under the newly discovered evidence and interests-of-justice exceptions, and (3) the facts asserted in her postconviction petition demonstrate that she is entitled to relief. Because we conclude that her petition is time-barred, we affirm the postconviction court's summary denial of Robinson's petition.

## FACTS

On June 7, 2011, a Cottage Grove police officer responded to a report of a reckless driver and identified the driver as appellant Victoria Lynn Robinson. A police sergeant arrived at the scene and observed a plastic baggie containing a white crystalline substance in a purse on the floor of the back seat of the car. The officers also found a glass pipe inside the purse. The St. Paul Police Department Crime Laboratory (the SPPDCL) tested the pipe and the contents of the plastic baggie; both tested positive for methamphetamine.

The state charged Robinson with fifth-degree controlled substance crime (possession), in violation of Minn. Stat. § 152.025, subd. 2(b)(1) (2010). The state disclosed documentation and correspondence that it had received from the SPPDCL to Robinson. Robinson did not challenge the validity of the test results or dispute the allegation that the substance was methamphetamine. On October 20, 2011, Robinson pleaded guilty to possessing methamphetamine. During the plea hearing, Robinson admitted to the following factual basis:

> Q: During your contact with the police officer, did he find methamphetamine?
> A: Yes.

2

    Q:    Where did he find it; do you recall?
    A:    In a purse in the back seat.
    Q:    Was that your purse?
    A:    Yes.
    Q:    Was it your methamphetamine?
    A:    Yes.
    Q:    Did you know that the methamphetamine was in your
          purse?
    A:    Yes.

The district court sentenced Robinson to a stayed sentence of 19 months and placed her on probation for five years.

In July 2012, the SPPDCL came under public scrutiny and was the subject of a *Frye-Mack* hearing in an unrelated Dakota County District Court case. Independent reviews of the SPPDCL revealed systemic problems in its laboratory protocols and testing processes. Robinson petitioned for postconviction relief on July 19, 2014, arguing that the postconviction court should permit her to withdraw her guilty plea or grant an evidentiary hearing on the grounds that (1) the deficient SPPDCL testing is newly discovered evidence; (2) the state violated *Brady v. Maryland* by not disclosing the deficient testing to Robinson; (3) the state violated Robinson's due-process rights by using unreliable scientific evidence to obtain the guilty plea; (4) Robinson's guilty plea was not accurate, voluntary, or intelligent; and (5) she received ineffective assistance of counsel. Although Robinson filed her petition more than two years after entry of judgment of her conviction, she argued that her petition was timely because it met the newly discovered evidence and interests-of-justice exceptions to the statutory two-year time-bar.

The postconviction court denied Robinson's petition without a hearing, concluding that the petition is time-barred and fails on the merits. Robinson now appeals.

**D E C I S I O N**

Robinson argues that the postconviction court abused its discretion by determining that her petition for postconviction relief is time-barred. "A person convicted of a crime who claims that the conviction violates his rights under the constitution or laws of the United States or Minnesota may petition for postconviction relief unless direct appellate relief is available." *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015); *see also* Minn. Stat. § 590.01, subd. 1 (2014). The petitioner must file the petition for postconviction relief within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a) (2014). But there are five statutory exceptions to the two-year filing deadline.

Here, Robinson argues that two exceptions apply: (1) "the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition" and (2) "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b) (2014). If an exception applies, the petition must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2014). A claim arises when the petitioner "knew or should have known" that the claim existed. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). A petitioner must demonstrate that she satisfies one of the statutory exceptions before she will be entitled to relief or an evidentiary hearing on an untimely petition. *Roberts*, 856 N.W.2d at 290. "If the

4

petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* We must first determine if any exceptions to the time limitation apply before we address the substantive claims of the petition. *Gassler v. State*, 787 N.W.2d 575, 582 (Minn. 2010).

We review "the denial of a petition for postconviction relief without a hearing for an abuse of discretion." *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013). The postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted).

**Newly Discovered Evidence Exception**

Under the newly discovered evidence exception to the statutory filing deadline, a postconviction court may hear an untimely petition if (1) the petition alleges that newly discovered evidence exists, (2) the evidence "could not have been ascertained by the exercise of due diligence" within the two-year time frame for filing a petition, (3) the evidence is not cumulative, (4) the evidence "is not for impeachment purposes," and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent." *Roberts*, 856 N.W.2d at 290 (quotations omitted); *see also* Minn. Stat. § 590.01, subd. 4(b)(2). In *Roberts*, we held that the deficiencies at the SPPDCL did not warrant application of the newly discovered evidence exception because the deficiencies could have been ascertained by the exercise of due diligence and the deficiencies did not clearly and convincingly establish that Roberts was innocent. 856 N.W.2d at 290-92.

5

Analyzing the due-diligence prong, we concluded that Roberts had access to the test results under the discovery rules, and therefore, he could have challenged the foundational reliability of the test results or investigated the validity of the test results. *Id.* at 291. Similarly, here, the state disclosed the documentation from the SPPDCL to Robinson. Robinson could have investigated or challenged these documents and discovered the deficiencies at the SPPDCL. Robinson has not shown that she could not have ascertained the evidence by the exercise of due diligence at the time of her district court proceedings.

In *Roberts*, we also concluded that Roberts had not shown clear and convincing evidence that he was innocent because he did not "offer evidence regarding the chemical composition of the particular substance in his case. In fact, Roberts has never claimed— in district court, during postconviction proceedings, or on appeal—that the substance was not cocaine." *Id.* at 291-92. Here, the criminal complaint alleged that the pipe and baggie found in Robinson's purse tested positive for methamphetamine. Robinson has not offered any evidence regarding the chemical composition of the substance found in her purse, and she has never claimed that the substance was not methamphetamine. To the contrary, Robinson admitted in the factual basis of her guilty plea that the officer found methamphetamine in her purse, that the methamphetamine belonged to her, and that she knew the methamphetamine was in her purse.

We conclude that the postconviction court did not abuse its discretion by concluding that Robinson's petition does not fall under the newly discovered evidence exception to the statutory two-year filing deadline.

6

**Interests-of-Justice Exception**

To satisfy the interests-of-justice exception, a petitioner must establish that "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). We will only apply the interests-of-justice exception "in exceptional situations." *Gassler*, 787 N.W.2d at 586. The Minnesota Supreme Court has "identified a non-exclusive list of factors to be considered." *Id.* Those factors include "the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed." *Id.* at 587.

In *Roberts*, we concluded that the petition did not meet the interests-of-justice exception because the problems at the SPPDCL did not "stem from a flaw in the judicial process," and therefore it was not "necessary to act in the interests of justice to protect the integrity of the judicial proceedings." 856 N.W.2d at 293. We also concluded that "it is not fundamentally unfair to hold Roberts accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea." *Id.* For the same reasons, fundamental fairness and the interests of justice do not necessitate postconviction relief for Robinson. The postconviction court did not abuse its discretion by determining that Robinson's petition does not fall under the interests-of-justice exception to the two-year filing deadline.

We conclude that Robinson's postconviction petition is untimely and that neither the newly discovered evidence nor the interests-of-justice exception to the statutory time-

bar applies.  Therefore, the postconviction court acted within its discretion by summarily denying Robinson's petition for postconviction relief.

**Affirmed.**